IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
SEP 28 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

MARGARET M. AARON

Plaintiff,

v.    Civil Action No. 2:10cv606

KROGER LIMITED PARTNERSHIP I,

Defendant.

## OPINION AND ORDER

This matter comes before the Court upon Plaintiff Margaret M. Aaron's Motion for Sanctions Relating to Kroger's Spoliation of Evidence, filed August 22, 2011. The facts show that on June 3, 2010, Plaintiff, an 85 year old woman, fell at a Kroger store in Virginia Beach, Virginia, thereby suffering serious injuries. On June 9, 2010, Plaintiff's counsel hand-delivered a letter to Kroger's store manager requesting that Kroger preserve surveillance camera footage recorded the day of the incident. On June 21, 2010, after Kroger's insurance adjuster attempted to contact the Plaintiff, Plaintiff's counsel delivered a similar evidence preservation request to the insurance adjuster. Video footage from Kroger's store surveillance cameras is typically preserved for thirty days, whereupon it is recorded over. Defendant admits that it received Plaintiff's evidence preservation request at a time when the tape was still in existence. Defendant also admits that it allowed the videotape to be destroyed despite these requests.

The power of federal courts to impose sanctions for spoliation is well-established. See Hodge v. Wal-Mart Store, Inc., 360 F.3d 446, 449-50 (4th Cir. 2004). One permissible form of

sanction is an adverse inference instruction. Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 157 (4th Cir. 1995). Such an instruction informs the jury that it is "permitted to 'assume that evidence made unavailable to the defendants by acts of plaintiff's counsel or agents ... would have been unfavorable to the plaintiff's theory of the case." Buckley v. Mukasey, 538 F.3d 306, 322 (4th Cir. 2008). This remedy is appropriate where the affected party shows not only negligent loss or destruction of evidence, but also that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its spoliation. Id. at 323.

Defendant Kroger's conduct, even if not carried out in bad faith, must be characterized as intentional, willful, or deliberate. In its Memorandum in Opposition to Plaintiff's Motion for Sanctions, Defendant argues that the "uncontradicted testimony of Mr. Harris indicates that the cameras [did not show Plaintiff's fall or the area in which she fell]." However, Defendant neglects to identify the reason Mr. Harris' testimony remains uncontradicted: he is, apparently, the only person who had an opportunity to review the video footage from the day of the incident. Further, even taking at face value Kroger's assertion that the tape did not show Plaintiff's fall, this does not mean the footage was irrelevant. See Vodusek, 71 F.3d at 156. Indeed, the Court agrees with Plaintiff that Defendant "is not the arbiter of relevance."

In the instant case, Kroger was on notice of Plaintiff's request that the evidence be preserved. Kroger also knew or should have known that the video footage – whether or not it showed Plaintiff's actual fall – might later prove relevant, such that preserving the tapes was clearly the more prudent course of action. Trigon Ins. Co. v. United States, 204 F.R.D. 277, 291 (E.D. Va. 2001). Because this Court finds that Defendant willfully and deliberately destroyed the video footage from the day of the incident in question, Plaintiff's request for an adverse

inference instruction is **GRANTED**. The Clerk of Court is **DIRECTED** to send a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Norfolk, Virginia

Robert G. Doumar
Senior United States District Judge

September 27, 2011