IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

JAN - 6 2012

MARGARET M. AARON

    **Plaintiff,**

v.                                                                           Civil Action No. 2:10cv606

KROGER LIMITED PARTNERSHIP I,

    **Defendant.**

## OPINION AND ORDER

This is a slip-and-fall case arising out of an incident which occurred at a Kroger grocery store in Virginia Beach, Virginia. This matter is presently before the Court upon the motion in limine filed by Plaintiff Margaret M. Aaron ("Plaintiff") regarding the proper procedure for administering an adverse inference instruction relating to Defendant Kroger Limited Partnership I's ("Defendant") spoliation of evidence in this case. For the reasons stated herein, Plaintiff's motion in limine is hereby **GRANTED**. Therefore, the Court will administer an adverse inference instruction and Defendant may not introduce evidence at trial on the spoliation issue to rebut the adverse inference. The Court notes, however, that the spoliation instruction merely provides that the jury may assume that the destroyed evidence would have been unfavorable to Defendant. Defendant is still entitled to present evidence showing that it was not negligent and Plaintiff still bears the burden of proving by a preponderance of the evidence that Defendant was negligent.

## I. FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiff is an 85-year old woman who slipped and fell while shopping at a Kroger Grocery store on June 3, 2010. Plaintiff's Complaint, filed in the Circuit Court for the City of Virginia Beach on November 18, 2010, and removed to this Court on December 9, 2010, alleges that the fall was caused by a defect in the floor of the store. Specifically, Plaintiff contends that she tripped over an exposed drain cover located on the floor of the produce section.

Prior to filing her Complaint, but after retaining counsel to assist her in this matter, Plaintiff, by and through counsel, hand-delivered a letter to Kroger's store manager requesting that Kroger preserve surveillance camera footage recorded the day of the incident. On June 21, 2010, after Kroger's insurance adjuster attempted to contact the Plaintiff, Plaintiff's counsel delivered a similar evidence preservation request to the insurance adjuster. Video footage from Kroger's store surveillance cameras is typically preserved for thirty days, at which point the footage is destroyed. Defendant admits that it received Plaintiff's evidence preservation request at a time when the tape was still in existence but that it nonetheless allowed the videotape to be destroyed.

On August 22, 2011, Plaintiff filed a motion for sanctions relating to Defendant's alleged spoliation of videotape footage. On September 28, 2011, this Court granted Plaintiff's motion and held that Plaintiff was entitled to receive an adverse inference instruction at trial. An adverse inference instruction informs the jury that it is "permitted to 'assume that evidence made unavailable to the [affected party] by acts of [the spoliator or its counsel or agent] ... would have been unfavorable to the [spoliator's] theory of the case." *Buckley v. Mukasey*, 538 F.3d 306, 322

---

[1] The facts recited here are drawn from the allegations set forth in Plaintiff's Complaint. The facts are presumed true only for the purpose of deciding the motion currently before the Court. The facts recited here are not factual findings for any purpose other than for the consideration of the instant motion.

(4th Cir. 2008). Plaintiff comes now seeking clarification of the appropriate mechanism by which this Court will give the adverse inference instruction.

## II. DISCUSSION

Where a party can show that the opposing party not only destroyed relevant evidence, but did so knowingly and willfully, the party disadvantaged by such spoliation may be entitled to an adverse inference instruction. *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 157 (4th Cir. 1995); *Buckley*, 538 F.3d at 323. This Court has already held that such an instruction is appropriate in this case. (Order Granting Mot. for Sanctions Sept. 28, 2011.) Nonetheless, Defendant argues that the Court should allow Defendant to present evidence at trial on the spoliation issue, to argue against the adverse inference, and to "permit the jurors to re-assess the evidence and determine whether, in their judgment, spoliation has occurred at all." (Def.'s Resp. to Pl.'s Mot. Limine at 1-2.) Essentially, Defendant seeks to litigate the spoliation issue anew and to allow the jury to substitute its own judgment in place of that already entered by this Court. Such a result cannot stand.

The Court already examined the evidence relating to Defendant's spoliation and decided that an adverse inference instruction is the most appropriate means of redress for the wrongdoing. The fact-finding necessary to resolve the spoliation issue has thus already occurred, thereby obviating any role for the jury on this matter. Contrary to Defendant's apparent wishes, the jury's function is not to serve as an appellate tribunal for this Court's decisions. Moreover, Defendant's reliance upon *Nucor Corp. v. Bell*, 251 F.R.D. 191 (D.S.C. 2008), to support its contention that district courts should permit jurors to draw their own conclusions as to whether spoliation has occurred is misplaced. In *Nucor*, the plaintiff sued his former employee for misappropriation of trade secrets. *Id.* at 192-93. Initially, the District of

South Carolina found that the defendant engaged in spoliation of evidence and ruled that an adverse inference instruction was warranted. *Id.* at 202. Noting that an adverse inference was a "heavy sanction," the court permitted the parties to "present all spoliation issues anew before the jury." *Id.* at 203. Accordingly, the Court gave the following instruction to the jury:

> Plaintiff has argued that defendants affirmatively altered or destroyed relevant evidence, or that they failed to prevent the alteration or destruction of relevant evidence. This is known as the "spoliation of evidence."
>
> Spoliation is the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. To demonstrate that spoliation occurred, plaintiff bears the burden of proving the following three elements by a preponderance of the evidence:
>
> *First*, that relevant evidence was materially altered or destroyed. Evidence is relevant if it would have clarified a fact at issue in the trial and otherwise would naturally have been introduced into evidence;
>
> *Second*, that defendants had a duty to preserve the evidence at the time it was altered or destroyed. A party has a duty to preserve evidence if it is relevant to pending litigation, or if a party knows or reasonably should know that the evidence may be relevant in anticipated litigation; and
>
> *Third*, that defendants intentionally failed to preserve the evidence. "Intent" for purposes of spoliation means defendants' willful conduct resulted in the material alteration or destruction of the evidence.
>
> If you find that defendants engaged in the spoliation of evidence, you are permitted, but not required, to infer that the altered or destroyed evidence would have been unfavorable to defendants. Any inference you decide to draw should be based on all the facts and circumstances in this case.

*Nucor*, 251 F.R.D. at 203-04. What Defendant fails to point out is that, in this case, the Court already carefully weighed the evidence and directly answered each of the questions posed in the jury instructions recited above. Indeed, in our prior Order, we expressly found: (i) that Defendant destroyed relevant evidence; (ii) that Plaintiff timely requested that such

evidence be preserved and that Defendant therefore had a duty to preserve the evidence at the time it was destroyed; and (iii) that Defendant's destruction of the evidence was willful. (Order Granting Mot. Sanctions, Sept. 28, 2011, at 2.) Thus, on the spoliation issue, there is nothing left for the jury to decide. Although *Nucor* suggests that this Court could nonetheless allow the jury to reconsider whether Defendant's conduct warrants an adverse inference instruction, it does not—nor does any other case—mandate such a result.

On the contrary, the most recent case from this district to address this issue did not follow *Nucor* and instead adopted the following procedure for administering an adverse inference instruction:

> The Court will inform the jury that certain Kolon executives and employees, after learning that DuPont had sued Kolon, deleted much electronically stored information that would have been available to DuPont for use in presenting its case. The jury should then be allowed to infer that the unrecoverable deleted information would be helpful to DuPont and harmful to Kolon.

*E.I. du Pont de Nemours and Co. v. Kolon Ind., Inc.*, No 3:09cv58, 2011 WL 2966862 at *35 (E.D.Va. Jul. 21, 2011). This approach most fully effectuates the purpose of the adverse inference instruction. Indeed, to allow Defendant to rebut the instruction would essentially render futile this Court's prior judgment that Defendant's conduct warranted sanction. Defendant protests that "[a]n inference, by its very nature, does not have a conclusory answer," and that the parties should therefore be permitted to re-air the spoliation issue before the jury. But, as the court in *Kolon* indicated, the administration of an adverse inference instruction without permitting the spoliator to rebut the inference does not provide a "conclusory answer" with respect to the evidence presented. Under the court's approach in *Kolon*, the jury is not required to infer that the wrongfully destroyed evidence would have been harmful to Defendant, but rather is merely permitted to do so.

For the foregoing reasons, Plaintiff's motion in limine seeking to prevent Defendant from re-opening the spoliation issue at trial is hereby **GRANTED**. At the conclusion of the evidence at trial, the Court will inform the jury that certain individuals employed by Defendant, after receiving Plaintiff's preservation-of-evidence letter, erased video footage recorded on the day of Plaintiff's accident. The Court will then instruct the jury that it is permitted—but not required—to infer that the lost footage would have been unfavorable to Defendant's theory of the case. *Buckley*, 538 F.3d at 322. Defendant may not present rebuttal evidence on the issue relating of spoliation. However, the jury may consider this and all other evidence to decide the question of negligence.

The Clerk of Court is **DIRECTED** to send a copy of this Order to all Counsel of Record.
**IT IS SO ORDERED.**

Norfolk, Virginia
January 6, 2012

/s/
Robert G. Doumar
Senior United States District Judge